IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JABRIEL ANDERSON, #M49462, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00292-NJR |
| vs. | ) ) |
| JACQUELINE LASHBROOK, KENT E. BROOKMAN, JASON N. HART, and ZACHARY R. FITZGERALD, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jabriel Anderson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights arising from the issuance of an Inmate Disciplinary Report. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

# THE COMPLAINT

Plaintiff alleges the following: On April 2, 2018, while leaving the shower room, an officer[1] handcuffed Plaintiff's left hand and directed him to pull up his pants. (Doc. 1, pp. 7, 8, 11, 21). After pulling up his pants, the officer told him to pull them up higher and then tightly cuffed both hands. *Id.*, p. 11. When Plaintiff told the officer that the cuffs were too tight, the officer responded that they would be removed upstairs. *Id.* Plaintiff then proceeded to leave, but Corrections Officer Fenton told him to step out of line and wait in the corner. *Id,* pp. 11, 22. After exchanging words with Fenton, Plaintiff said he was going to his cell and kept walking. *Id.*, pp. 11-12. While walking away he heard Sergeant Fitzgerald call him, but proceeded to his cell. *Id.* p. 12. A few minutes after arriving to his cell, Plaintiff was handcuffed again and taken to the Special Housing Unit. *Id.*, pp. 8, 12.

Plaintiff was issued an Inmate Disciplinary Report ("IDR") for refusing to comply with a direct order. *Id.,* p. 8. He signed the IDR before he could provide witnesses and so later sent a list of witnesses to the Adjustment Committee through institutional mail. *Id.*, pp. 8-9. A disciplinary hearing was conducted on April 10, 2018, in which the Adjustment Committee, composed of Chairperson Brookman and Committee Member Hart, found Plaintiff guilty and sanctioned him to six months in segregation, grade revocation, and loss and restriction of various privileges such as commissary, visitation, law library, religious services, and mental health programs. *Id.* pp. 9, 10. Plaintiff claims that because the Adjustment Committee did not call or interview any witnesses in his favor, his procedural due process rights have been violated and a loss of his privileges has caused unnecessary mental and emotional anguish. *Id.* p. 10.

---

[1] Because of inconsistencies in the Complaint, it is unclear whether Sergeant Fitzgerald or Corrections Officer Fenton handcuffed Plaintiff and instructed him to pull his pants up. *See* Doc. 1, pp. 8, 11, 21.

## PRELIMINARY DISMISSALS

Plaintiff names Chief Administrative Officer of Menard Jacqueline Lashbrook in the caption as a defendant, but makes no allegations against her in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And, in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Lashbrook was "personally responsible for the deprivation of a constitutional right," *Id.*., and a defendant cannot be liable merely because he or she supervised a person who caused a constitutional violation. Accordingly, Defendant Lashbrook will be dismissed from this action without prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following two Counts:

**Count 1**: Fourteenth Amendment procedural due process claim against Brookman and Hart for prohibiting Plaintiff from calling witnesses during his hearing before the Adjustment Committee.

**Count 2:** Fourteenth Amendment procedural due process claim against Fitzgerald for filing a false Inmate Disciplinary Report.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

### Count 1

Plaintiff claims that Defendants Brookman and Hart denied him due process of law at his disciplinary hearing by not calling or interviewing witnesses. Whether the procedures employed violated due process need not be considered because Plaintiff has failed to plead that a protected

---

[2] *Bell Atlantic Corp.,* 550 U.S. at 570 (2007).

interest was at stake. To state a claim that a protected liberty interest was at stake, an inmate must allege that the disciplinary confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Plaintiff claims that he was demoted to C grade, placed in segregation, and denied general population privileges for six months. There is no protected liberty interest implicated in demotion to C-grade or loss of certain privileges. *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases).

Plaintiff does claim his six months in disciplinary segregation exposed him to "atypical and significant hardship," but, other than claiming that certain privileges were restricted, he does not describe or assert factual allegations regarding what about the conditions of his confinement constituted atypical and significant hardships. (Doc. 1, p. 10). The Seventh Circuit has been clear that simply pleading that imposition of six months of disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (*citing Marion v. Columbia Corr. Inst*., 559 F.3d 693, 698 (7th Cir. 2009), *Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995), and *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013). Because conclusory statements and labels are insufficient to state a claim that his disciplinary segregation amounted to a constitutional violation, *see Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013), Plaintiff has failed to allege he was deprived of a protected liberty interest. As such, Count 1 is dismissed without prejudice.

**Count 2**

Plaintiff also alleges that Sergeant Fitzgerald issued him a false disciplinary ticket, violating his due process rights. (Doc. 1, pp. 3, 12). A disciplinary ticket, even if falsely issued,

will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). As in Count 1, the Court need not consider whether the failure to call Plaintiff's witnesses denied him due process, as the Court has already found that the Complaint, as currently drafted, fails to address the conditions of confinement in disciplinary segregation required to assert a protected liberty interest. Count 2 will also be dismissed without prejudice.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). According to the Motion, Plaintiff does not speak, read, or write English very well and his judgment is impaired due to his medication. (Doc. 3, p. 2). Plaintiff states that he has written several attorneys in an attempt to retain counsel, but they have declined his case. *Id.*, p. 1. The Court finds that Plaintiff has provided no proof of rejections from counsel, and his ability to communicate has not precluded him from filing a complaint, so the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## LEAVE TO AMEND

Plaintiff's Complaint does not survive preliminary review and shall be dismissed. Plaintiff will have an opportunity to re-plead his claims in a First Amended Complaint, however, if he wishes to proceed any further with this action. When preparing a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

## DISPOSITION

**IT IS ORDERED** that the Complaint (including **COUNTS 1** and **2**) shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **Lashbrook, Brookman, Hart,** and **Fitzgerald** are **DISMISSED** without prejudice from the action.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 3, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00292-NJR). To enable Plaintiff to comply with this Order,

the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 5, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**